```
 1                      UNITED STATES DISTRICT COURT
 2                        DISTRICT OF PUERTO RICO

 3   EMMA SEPÚLVEDA-LEBRÓN,
 4   et al.,
 5
 6        Appellants,            Civil No. 08-1690 (JAF)
 7        v.
 8   MANUEL AMADOR-BORGES, et al.,
 9
10        Appellees.
```

11                          **OPINION AND ORDER**

12          Appellant Emma Sepúlveda-Lebrón ("Debtor") appeals the
13   dismissal of her complaint against Appellee Manuel Amador-Borges
14   ("Creditor") in the United States Bankruptcy Court for the District
15   of Puerto Rico. Docket No. 2. Creditor opposes. Docket No. 5. Edgar
16   F. Trinidad-Rodríguez has been joined as an Appellant; José R.
17   Carrión-Morales, a trustee, and the United States Truste have been
18   joined as Appellees. For the reasons stated below, we rule in favor
19   of Debtor, but without prejudice to Creditor's rights as co-owner
20   of immovable community property under Puerto Rico law.

21                                    **I.**
22                       **Factual and Procedural History**

We derive the following factual summary from the record on appeal. We set forth only the facts necessary to resolve the issues presented in the instant appeal.

Debtor and Creditor were married to each other until a Puerto Rico divorce decree dissolved their conjugal partnership on December 30, 1987. In a separate proceeding, Creditor obtained a judgment from a Puerto Rico court dated May 28, 1998 (the "pre-petition judgment"), which awarded him one-half of proceeds from the eventual sale of Creditor and Debtor's marital immovable property in Hatillo, Puerto Rico. Bankr. No. 06-177, Docket No. 39. Under this decree, Creditor was to receive $28,000 from the sale of the property. Id.

Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 6, 1998. Bankr. No. 98-13750, Docket No. 1. Debtor submitted a schedule of her assets which listed the marital property, valued at $76,000, with an unspecified secured claim against it valued at $18,900. Id. at 9. Debtor claimed exemptions of $31,600 from the marital property. Id. at 13. Debtor also submitted a schedule listing Creditor on a roster of "creditors holding unsecured nonpriority claims," holding a claim of $28,000 against Debtor. Id. at 5, 17.

Debtor then submitted a proposed plan of payment on October 7, 1998, under which she would pay sixty installments of $150, totaling $9,000. Bankr. No. 98-13750, Docket No. 2. Under this proposal, the trustee in bankruptcy would distribute $658.35 of the $9,000 to two secured claimants, and the balance to all unsecured claimants, pro rata. Id. The trustee recommended against approval of Debtor's plan on November 4, 1998, pending amendments "[t]o provide for ex-spouse's interest." Bankr. No. 98-13750, Docket No. 4.

On December 4, 1998, Creditor lodged protest against Debtor's proposed schedule and plan on the sole basis that Debtor claimed excessive exemption from the value of the marital property. Bankr. No. 98-13750, Docket No. 6. Creditor argued that Debtor's present spouse is not an owner entitled to claim an exemption under 11 U.S.C. § 522(d). Id. Creditor appended the Spanish-language text of his pre-petition judgment, and a notification dated June 12, 1998, relating to the judgment. Id.

Debtor filed several amended schedules to her proposed plan on May 21, 1999. Bankr. No. 98-13750, Docket No. 13. These amendments valued Debtor's interest in the marital residence at $38,000, or one-half of the total value, and conceded that Creditor claimed the other half. Id. at 3. Debtor also adjusted her claim for exemption

downward to $17,000, to be deducted from the $38,000 listed as part of Debtor's estate. Id. at 7. Lastly, Debtor listed two secured creditors on an amended schedule, but did not include Creditor, id. at 8, who remained listed as an unsecured claimant, Bankr. No. 98-13750, Docket No. 1, at 17. The record on appeal indicates no further objection from Creditor to this amended proposal.

On June 4, 1999, the trustee recommended approval of the revised plan. Bankr. No. 98-13750, Docket No. 14. The court in bankruptcy confirmed the plan upon the trustee's advice on June 11, 1999. Bankr. No. 98-13750, Docket No. 15. On July 20, 2004, the trustee gave notice of Debtor's completion of payments under the plan. Bankr. No. 98-13750, Docket No. 24. On August 3, 2004, the court discharged all claims against Debtor that she had included in her plan, pursuant to 11 U.S.C. § 1328(a). Bankr. No. 98-13750, Docket No. 25. The court discharged the trustee and closed the case on November 1, 2004. Bankr. No. 98-13750, Docket No. 29. Creditor received payments totaling $868 pursuant to the plan. Bankr. No. 06-177, Docket No. 27, at 18.

Creditor then proceeded to execute his pre-petition judgment in the Puerto Rico courts. After receiving notice that the marital property would be subject to judicial sale on September 12, 2006, Debtor commenced the instant case on September 8, 2006, to enjoin

Creditor's execution of the pre-petition judgment. Bankr. No. 06-177, Docket No. 1.

On May 23, 2008, the bankruptcy court dismissed Debtor's collateral attack against Creditor's enforcement of his pre-petition judgment. Bankr. No. 06-177, Docket No. 39. Translating a portion of Creditor's pre-petition judgment and citing relevant Puerto Rico law, the bankruptcy judge determined that Creditor was entitled to a one-half share of the marital property, which had not become part of the bankruptcy estate in the prior case. Id. Moreover, the judge found that Creditor's one-half interest continued in force, as the Puerto Rico court had predicated the extinction of Creditor's interest upon the sale of the residence and payment to Creditor, and Debtor had not disposed of the marital property. Id. Furthermore, as Debtor's payments under the Chapter 13 plan did not satisfy the amount stipulated in the Puerto Rico judgment, the court found that Creditor's ownership rights remained in force. Id. Consequently, the bankruptcy judge held that Debtor's discharge under Chapter 13 failed to terminate Creditor's rights under his pre-petition judgment. Id.

Debtor filed a notice of appeal in the federal district court on June 26, 2008, Docket No. 1, and filed her brief on July 14,

Civil No. 08-1690 (JAF)                                              -6-

2008, Docket No. 2. Creditor filed a brief in opposition on February 20, 2009. Docket No. 5.

## II.

## **Standard of Review**

Pursuant to 28 U.S.C. § 158(a), federal district courts have the jurisdiction to hear appeals from judgments in bankruptcy. In reviewing the bankruptcy court's decision, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. However, we consider the bankruptcy court's conclusions of law de novo. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997).

## III.

## **Analysis**

Debtor assigns error to the dismissal of her complaint in bankruptcy, essentially contending that the discharge in her prior case should apply as res judicata to enjoin Creditor's execution of his pre-petition judgment.[1]  Docket No. 2. Creditor contends that the prior case in bankruptcy did not affect his ownership

---

[1] Debtor's complaint also prayed for damages for Creditor's alleged violation of the automatic stay in the prior case against pending lawsuits, per 11 U.S.C. § 362(h), and a finding of civil contempt against Creditor for the same alleged violation. Bankr. No. 06-177, Docket No. 1. We do not address these claims as Debtor does not raise them in her notice of appeal, see Docket No. 1, or appellate brief, see Docket No. 2.

rights at Puerto Rico law, and he is, therefore, entitled to execute his pre-petition judgment. Docket No. 5.

Upon the commencement of a case in bankruptcy, "[a]ll interests of the debtor and the debtor's spouse in community property . . . under the sole, equal, or joint management and control of the debtor" must be included in the bankruptcy estate for the purpose of resolving the debtor's obligations to creditors. 11 U.S.C. § 541(a)(2)(A). However, "[p]roperty in which the debtor holds . . . only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title . . . , but not to the extent of any equitable interest in such property that the debtor does not hold." § 541(d). In the case of divorce in a community property jurisdiction, the debtor is deemed to hold the marital property in constructive trust for the other spouse. Davis v. Cox, 356 F.3d 76, 91 (1st Cir. 2004). The extent of the beneficial interest depends upon the state court judgment partitioning the marital estate, and this portion is excluded from the debtor's bankruptcy estate. Id.

Puerto Rico is a community property jurisdiction, where spouses hold all property acquired during the marriage through their conjugal partnership. 31 L.P.R.A. § 3641 (1990). Spouses may not partition marital property except by judicial decree, as in the

Civil No. 08-1690 (JAF)                                              -8-

case of divorce, which terminates the conjugal partnership. Id. §§ 3681, 3712. Upon dissolution of the marriage, former spouses are to share equally in the net proceeds of the marital estate after payment of obligations incurred by the conjugal partnership. Id. § 3697.

Under Chapter 13 of the Bankruptcy Code, after the debtor completes payments to creditors pursuant to an approved plan, the court in bankruptcy must discharge claims against the debtor that are included in the plan. 11 U.S.C. § 1328(a). The discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section . . . 1328," and "operates as an injunction against the commencement . . . of an action . . . to collect . . . any such debt as a personal liability of the debtor." Id. § 524(a)(1)-(2).

A discharge of debts from which no appeal is timely taken is a final judgment for the purpose of res judicata even if it is erroneous. See FDIC v. Shearson-Am. Express, Inc., 996 F.2d 493, 497-98 (1st Cir. 1993). Res judicata precludes claims between two parties where there are "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both earlier

and later suits." Id. The doctrine of res judicata bars not only claims that were actually raised, but also those which could have been brought in the previous action. Id.

In the case at bar, the bankruptcy court held that Puerto Rico law determines the status of Creditor's interest in the marital estate. Bankr. No. 06-177, Docket No. 39. Noting that Creditor had appended proofs of claims for $28,000 in the prior case based upon his pre-petition judgment, and that Debtor had admitted in her amended schedules that she held only one-half interest in the residence, the court found that Creditor's ownership interest survived the discharge. Id. Moreover, the court found that payments to Creditor under the plan in the prior case were insufficient to extinguish Creditor's rights under the terms of his pre-petition judgment. Id. Pursuant to these findings, the court held that Creditor's claim was not discharged as an unsecured debt in the prior case in bankruptcy. Id.

We find that the court in bankruptcy erred in holding that Creditor retained enforceable rights under his pre-petition judgment after the discharge. The express inclusion of the pre-petition judgment in the prior case as an allowed claim, Bankr. No. 98-13750, Docket No. 6, the consistent treatment of Creditor as an unsecured claimant, see Bankr. No. 98-13750, Docket No. 13, the

Civil No. 08-1690 (JAF)                                          -10-

failure of Creditor to object to his classification as an unsecured claimant, see Bankr. No. 98-13750, Docket No. 6, and Creditor's receipt of payments pursuant to the Chapter 13 plan, Bankr. No. 98-13750, Docket No. 27, at 18, conclusively establish that the bankruptcy court classified Creditor as an unsecured claimant in the prior case. Thus, the rights that Creditor asserted under his pre-petition judgment, Bankr. No. 98-13750, Docket No. 6, were discharged as an unsecured claim under Chapter 13.[2]

For the purposes of federal law, it is immaterial whether Creditor's payments under the plan satisfied the terms of his pre-petition judgment. Creditor's receipt of $868 in pro-rata payments under the Chapter 13 plan actually confirms his classification as an unsecured creditor in the prior case. See Bankr. No. 06-177, Docket No. 27. Though this amount may seem to be a pittance as compared to the $28,000 Creditor expected, this discrepancy is due to Creditor's failure to object to the characterization of his pre-petition judgment as an unsecured claim. See Bankr. No. 98-13750, Docket No. 6. Creditor has, thus, fully participated in the prior

---

[2] Furthermore, Creditor's right to proceeds from the sale of the marital property was a property settlement, not a non-dischargeable "domestic support obligation." See 11 U.S.C. §§ 523(a)(5), 1328(a)(2) (excluding domestic support obligations from discharge); see also In re Janowski, 175 B.R. 155, 156 (Bankr. W.D.N.Y. 1994) (distinguishing property settlement from domestic support).

Civil No. 08-1690 (JAF)                                              -11-

case and consented to his treatment on par with all other unsecured claimants. As the bankruptcy court had summarily discharged Creditor's claim as unsecured, see Bankr. No. 98-13750, Docket No. 25, and Creditor had failed to establish his status as a judgment creditor with a surviving lien,[3] the bankruptcy judge erred in finding that Creditor's pre-petition judgment was not discharged

---

[3] Despite the preclusive effect of a discharge in bankruptcy, "[i]t is hornbook law that a valid lien survives a discharge . . . unless it is avoidable and the debtor takes the proper steps to avoid it." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 21 (1st Cir. 2002). "A surviving lien remains enforceable," as a bankruptcy discharge merely precludes recovery against the debtor in personam, but not against specific property of the debtor in rem when the debtor retains the property after the discharge. Id. (citing Johnson v. Home State Bank, 501 U.S. 78, 84 (1991)).

A lien creditor's entitlement to payment arises from substantive state law, not federal bankruptcy law. See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007). To perfect his rights as a lien creditor, the creditor ex-spouse must record his judgment with the Puerto Rico court. 30 L.P.R.A. § 1806 (2005). He would then take priority over unsecured creditors. 19 L.P.R.A. § 2101(1)(b) (2005).

However, the record of the prior case does not establish Creditor's rights as a lien creditor. Although Creditor appended copies of his pre-petition judgment and a related notice to his objection to the plan, neither document was translated from Spanish, Bankr. No. 98-13750, Docket No. 6, in violation of federal law, 48 U.S.C. § 864. Although the bankruptcy court translated a passage from the pre-petition judgment to justify its dismissal, Bankr. No. 06-177, No. 39, that excerpt is insufficient to demonstrate Creditor's entitlement to a judgment lien as a matter of judicial procedure, see 30 L.P.R.A. § 1806.

In any event, it is far too late to revisit that question at this juncture in federal court. The discharge from the prior case is now res judicata. See infra, discussion on res judicata.

Civil No. 08-1690 (JAF)                                          -12-

as an unsecured claim in the prior case, see <u>Bankr. No. 06-177, Docket No. 39</u>.

Moreover, as between Debtor and Creditor, and with respect to Creditor's rights under the pre-petition judgment, it is res judicata that the pre-petition judgment was discharged as an unsecured claim under 11 U.S.C. § 1328(a). <u>Bankr. No. 98-13750, Docket No. 25</u>; see <u>Shearson-Am. Express</u>, 996 F.2d at 497-98. Neither party appealed the prior judgment; neither party moved to reopen the prior case within 180 days, as provided in Federal Rule of Bankruptcy Procedure 9024(3); neither party requested a revocation of discharge within one year, as allowed under 11 U.S.C. § 1328(e). Furthermore, the court in bankruptcy closed the prior case, <u>Bankr. No. 98-13750, Docket No. 29</u>, and has not reopened it despite the court's authority under 11 U.S.C. § 350. As the prior decision is a final judgment on the merits, the discharge binds both Debtor and Creditor in perpetuity as to Creditor's rights under his pre-petition judgment. See <u>Shearson-Am. Express</u>, 996 F.2d at 497-98.

Furthermore, the doctrine of collateral estoppel prevents Creditor from arguing anew for his status as a secured judgment lien creditor. See <u>Stoehr v. Prince Mohamed bin Bander Mohamed bin Abdul Rahman al Saud</u>, 244 F.3d 206, 208 (1st Cir. 2001) (setting

out elements of collateral estoppel). The court treated Creditor as an unsecured claimant in the prior case; Creditor had ample opportunity, but failed, to contest this characterization; the discharge was a final judgment on the merits; Creditor's classification as an unsecured claimant was necessary to his receipt of pro-rata payments from the residue of the bankruptcy estate. Bankr. No. 98-13750, Docket Nos. 2, 4, 6, 13, 15, 24, 25. Therefore, Creditor was unsecured, as a matter of law, with respect to his rights under the pre-petition judgment. See Stoehr, 244 F.3d at 208.

Although we find that the court in bankruptcy erred in dismissing Debtor's complaint, we do not rule on Creditor's actual ownership rights under Puerto Rico law. We merely hold that federal law bars Creditor from executing his pre-petition judgment, which was discharged under Chapter 13. As Creditor correctly notes in his brief, federal bankruptcy law does not rearrange property relations as prescribed by state law. Docket No. 5; see Butner v. United States, 440 U.S. 48, 55 (1979). The bankruptcy judge may be correct in finding that Creditor continues to hold an undivided one-half share in marital community property, but that is not a question for this court to decide. If Creditor indeed retains an ownership interest under Puerto Rico law, he may bring a case in the Puerto

Rico courts to obtain and perfect a new judgment, which would then become a post-petition debt not discharged under the prior case in bankruptcy and, thus, enforceable under federal bankruptcy law.

In view of the foregoing, we find that the bankruptcy court erred in holding that Creditor retained enforceable rights under his pre-petition judgment and consequently dismissing Debtor's bill in bankruptcy. See <u>Bankr. No. 06-177, Docket No. 39</u>. Accordingly, we find that, pursuant to 11 U.S.C. § 105(a), Debtor is entitled to injunctive relief against Creditor's execution of his pre-petition judgment.

**IV.**

<u>**Conclusion**</u>

For the reasons stated herein, the decision of the court in bankruptcy is hereby **REVERSED**. We hereby **REMAND** this case for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of March, 2009.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
Chief, U. S. District Judge